IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2018

## STEVE ANDERSON v. ESCO JARNIGAN, SHERIFF, AND STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamblen County**
**No. 17CR441          Alex E. Pearson, Judge**

_____

**No. E2017-02534-CCA-R3-HC**

_____

JOHN EVERETT WILLIAMS, J., concurring in part and dissenting in part.

I agree with the majority opinion affirming the habeas corpus court's dismissal of the Petitioner's habeas corpus petition on the basis that the petition fails to state a colorable claim. However, I disagree that the evidence is insufficient to support the trial court's finding of direct criminal contempt.

When a defendant convicted of criminal contempt challenges the sufficiency of the evidence, the defendant "bears the burden of overcoming the presumption of guilt on appeal." _State v. Beeler_, 387 S.W.3d 511, 519 (Tenn. 2012). "A conviction will be reversed for insufficient evidence only when the facts in the record, and any inferences that may be drawn therefrom, are insufficient as a matter of law for a rational trier or fact to find the accused guilty of the crime beyond a reasonable doubt." _Id._

The majority concludes that the evidence is insufficient to support the habeas corpus court's finding of contempt because the court's order providing that the Petitioner referred to the court and the personnel as "a bunch of crooks" while the transcript reflected that the Petitioner stated, "Crooks." I cannot conclude that such an insignificant variance rendered the evidence insufficient. The offending language in both the habeas corpus court's order and the transcript is the word "crooks." The habeas corpus court was able to observe the Petitioner's demeanor and tone when the Petitioner used such language. As the majority recognizes, "disrespectful, unreasonable or contemptuous conduct" supports a finding of direct criminal contempt. _See State v. Turner_, 914 S.W.2d 951, 958 (Tenn. Crim. App. 1995). While there is a minor discrepancy between the transcript and the order regarding whether the Petitioner used the phrase "bunch of crooks" or merely "Crooks," a rational trier of fact could find beyond a reasonable doubt that the Petitioner engaged in disrespectful and contemptuous conduct by referring to

court personnel as "crooks." Based upon the confines of this court's standard of review on appeal, I conclude that the evidence is sufficient to support the habeas corpus court's finding of summary criminal contempt.

The majority also holds that the habeas corpus judge failed to certify in his written order that he personally heard the Petitioner make the statement and that the conduct occurred in the judge's presence as required by Tennessee Rule of Criminal Procedure 42(a). However, "Tennessee courts have declined to require strict compliance with Rule 42(a)'s requirements for a written order." *In re Brown*, 470 S.W.3d 433, 449 (Tenn. Ct. App. 2015). Rather, courts have held that a defendant is not entitled to relief unless the defendant establishes harm by the "technical deficiency" or "technical omission." *State v. Jimmy Paul Provencio*, No. E2005-01253-CCA-R3-CD, 2005 WL 3088078, at *3-4 (Tenn. Crim. App. Nov. 18, 2005) (holding that while "the preferred practice is certainly to include the requisite factual detail in the order," the defendant failed to show that he was harmed by the "technical omission"); *State v. Charles Johnson*, No. E2002-02028-CCA-R3-CD, 2003 WL 23094414, at *4-5 (Tenn. Crim. App. Dec. 30, 2003) (declining to reverse the trial judge's finding of contempt due to the trial judge's failure to state in its order the factual basis for the contempt and certify that the judge saw or heard the contemptuous conduct or that the conduct occurred within the judge's presence because the defendant failed to establish that he was harmed by the "technical deficiency"). In the present case, while the habeas corpus judge did not assert that he heard the Petitioner's remarks, such an assertion was implicit in the habeas corpus court's order finding the Petitioner in contempt "for saying that you all are 'a bunch of crooks' after the court dismissed his habeas corpus petition." Furthermore, the transcript demonstrates that the Petitioner made the statements in the habeas corpus judge's presence and that the judge heard the conduct. The deficiency was merely the omission of this information from the written order. *See Charles Johnson*, 2003 WL 23094414, at *5. The Petitioner did not allege on appeal that the habeas corpus court's order failed to comply with Rule 42(a) and, therefore, failed to establish that he was harmed by any omission.

On review, we are not tasked with substituting our judgment for that of the trier of fact but with determining whether a rational trier of fact could have found the accused guilty beyond a reasonable doubt. *Beeler*, 387 S.W.3d at 519. Accordingly, I respectfully dissent from the majority's opinion reversing the Petitioner's contempt conviction.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 2 -